has otherwise extended its jurisdiction. In short, every municipality would have the authority to create a State Bureau of Investigation. We believe such a result would be absurd and find no merit to Appellee's Petition for Rehearing.

As we have heretofore stated in our Opinion of January 3, 1977:

". . . [T]his opinion should not be construed as limiting police officers in operating outside their jurisdiction where it is otherwise authorized by statute or decisions of this Court or Federal Courts which create other exceptions. . . ."

We call to Appellee's attention the fact that the Oklahoma State Legislature is now in session and if the authority of a police officer of a municipality is to be extended the Legislature is, indeed, the proper forum from which to secure, by appropriate legislation, an extension of their authority to act outside the corporate limits in addition to their jurisdiction now prescribed by law.

IT IS THEREFORE THE ORDER OF THIS COURT that the Petition for Rehearing be, and the same is hereby, DENIED, and the Clerk of this Court is directed to issue the Mandate FORTHWITH.

WITNESS OUR HANDS, and the Seal of this Court, this 1st day of February, 1977.

HEZ J. BUSSEY, Presiding Judge

C. F. BLISS, Jr., Judge

TOM BRETT, Judge

Don Anderson, Public Defender, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

### MEMORANDUM OPINION

BLISS, Judge:

Appellant, Sandra Mae Turner Loper, hereinafter referred to as defendant was charged, tried and convicted in the Oklahoma County District Court, Case No. CRF–75–2975, for the offense of Larceny of Merchandise from a Retailer, After Former Conviction of a Felony, and she was sentenced to serve a term of imprisonment of ten (10) years. From this judgment and sentence a timely appeal has been perfected to this Court.

A careful reading of the record, and a study of the brief, reveal no assignment of error which would justify modification or reversal. Therefore, pursuant to this Court's authority founded in 20 O.S.1971, § 49, we find the judgment and sentence should be, and hereby is, AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.

Sandra Mae Turner LOPER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–594.

Court of Criminal Appeals of Oklahoma.

Jan. 5, 1977.

Rehearing Denied Feb. 28, 1977.

Charles Lee DIXON, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–735.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1977.